TOWN OF PALATINE, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Highway Law — sufficiency of a complaint by a town to compel a railroad company, which has given notice of its abandonment of a highway, to surrender the whole of it — failure to describe specifically the parts withheld from the town.*

A complaint in an action, brought upon the part of a town, alleged that in 1833 a turnpike company owned a turnpike three rods in width, which extended through the town; that a railroad company took possession of it under the provisions of chapter 294 of the Laws of 1833, which required it to maintain the turnpike until its abandonment to the town, when it would become the duty of the town to maintain the turnpike; that the defendant was the successor of the original railroad company and was bound by the same obligations; that it, in 1891, abandoned the turnpike, but continued to use and occupy parts of it although a demand for its surrender had been made, and demanded as relief that the defendant surrender the part of the turnpike so withheld and restore the turnpike to its original width and condition.

*Held*, that the complaint stated a sufficient cause of action under the Highway Law (Laws of 1890, chap. 568, § 15), authorizing the town highway commissioners to bring an action in its name "to sustain the rights of the public in and to any highway in the town, and to enforce the performance of any duty enjoined upon any corporation in relation thereto;"

That the fact that the parts of the highway retained by the railroad company were not sufficiently described in the complaint to permit them to be located on the ground was not important, as a judgment describing the whole road as three rods in width, as originally owned and used, could be easily enforced.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 14th day of June, 1897, upon the decision of the court, rendered after a trial at the Montgomery Special Term, overruling its demurrer to the plaintiff's complaint.

The ground of the demurrer was, that the complaint did not state facts sufficient to constitute a cause of action.

The complaint *substantially* avers that the Mohawk Turnpike Company in April, 1833, and for a long time prior thereto, owned a turnpike *three rods* in width, which extended from Schenectady to Utica, and passed through the town of Palatine. That, by virtue of the provisions of chapter 294 of the Laws of 1833, the Utica and Schenectady Railroad Company took possession of such three-rod turnpike and used and possessed it, and became vested with all the rights, property, etc., of such turnpike company, and subject to the same duties, liabilities, penalties, etc. It also averred that, under such act, such railroad company, after the completion of its road, might at any time abandon such turnpike by giving notice thereof to the commissioners of highways, and that then such turnpike should be kept in repair in the same manner as other highways. But, until such turnpike road should be thus abandoned, such railroad company should keep it in as good repair as it then was. It then avers facts showing that the defendant succeeded to the property, rights and liabilities of the Utica and Schenectady Railroad Company, and that it assumed and became obligated to perform all the duties and obligations of such company in relation to such turnpike. That it took possession of such turnpike road and continued to own, occupy and control the whole thereof, within the town of Palatine, down to October 19, 1891, when it gave notice in writing to the commissioners of highways of the town of Palatine that it surrendered and abandoned such turnpike road, such surrender and abandonment including that portion of such turnpike located within the town of

Palatine aforesaid, whereof the said turnpike company was seized and possessed on the 29th day of April, 1833.

The complaint then avers that, notwithstanding such notice of surrender and abandonment, the defendant has, nevertheless, only actually delivered and surrendered to the plaintiff a portion of said turnpike within said town of Palatine, and that it still continues to hold, occupy, possess and use certain portions of such road between its northerly and southerly bounds, described as follows.   Then follows a statement of the number of feet in width still used by the defendant at 249 stations, 100 feet apart, through said town.   Such statement does not so describe the portion or portions still used by said defendant that they could, from such description, be located upon the ground.

The complaint further avers that, at the time the notice of abandonment was given, the greater part of the turnpike in said town of Palatine was not in as good condition as it was on April 29, 1833, specifying wherein it was defective.

It further avers that the whole length of the turnpike through such town was thirteen miles, and that the plaintiff, since the notice of abandonment, has repeatedly demanded from the defendant that it surrender and deliver up possession of such portions of the turnpike as it still holds and retains to its own use, and that the defendant refuses so to do.

Then follows a prayer for judgment that the defendant surrender and deliver such portions of the turnpike so withheld, retained and used by it, and specifically perform the agreement authorizing the abandonment and surrender of the turnpike to plaintiff, and that defendant restore that portion of the turnpike at the stations mentioned to the width that it had on April 29, 1833, and, further, that it put the whole of such turnpike in such town in as good condition of repair as it was on the 29th day of April, 1833.

*Edward Winslow Paige,* for the appellant.

*Andrew J. Nellis,* for the respondent.

PARKER, P. J.:

Under the averments in this complaint, we must assume that the " turnpike " which the original company owned, and which passed

to the possession of this defendant under the act of 1833, was a roadway three rods in width. It may be that, under its act of incorporation, only thirty feet in width need be contained between the ditches, and only eighteen feet of this need be constructed as therein specified, but the roadway itself which belonged to the turnpike company and which the defendant took must, under this demurrer, be deemed to be three rods in width. By the provisions of the act of 1833, as well as by the averments in the complaint, the thing which the railroad company is authorized to abandon is the turnpike which it took. The statute does not provide that such company may abandon, when it desires, such part only as it is required to keep in a certain condition, viz., the thirty or the eighteen feet, and appropriate forever to its own use the remaining portion of the three-rod roadway ; but when it desires to be relieved from the burden of maintaining such eighteen or thirty feet in the condition required by statute, it may abandon to the commissioners the whole roadway which it received.

The method of abandonment is specified by the statute to be a notice given to the commissioners of highways. The complaint shows that not only was notice of abandonment of " said turnpike road," viz., the road *three* rods in width, given, but also that in many places in the town of Palatine all of it has been in fact surrendered to the commissioners. An actual abandonment and surrender has, in fact, been made in such town to such an extent that it can no longer be used and maintained by the railroad company as a turnpike road. Only certain strips of it, at different places, are still retained and used by the defendant. As a turnpike road the whole has been in fact abandoned and is no longer kept in repair by the defendant. By the requirements of the act of 1833, when so abandoned by the railroad company, it becomes the duty of the commissioners of highways to keep the same in repair " as other highways " are.

Therefore, upon the abandonment by the defendant of this turnpike in the town of Palatine, it became a highway of that town. (See, also, § 139 of the Transportation Corporations Law, chap. 566 of the Laws of 1890.) And the commissioners were authorized to bring an action in the name of the town " to sustain the rights of the public in and to any highway in the town, and to enforce the

performance of any duty enjoined upon any corporation in relation thereto." (Highway Law, chap. 568, Laws of 1890, § 15.)

It seems clear, therefore, that this action is well brought to compel the defendant — inasmuch as it has abandoned the turnpike and ceased to maintain it as a turnpike road — to surrender to the highway commissioners all parts of the roadway that it received under the act of 1833. Evidently the purpose of the act was to secure to the public a means of travel over the road in question, either as a turnpike under the control and management of the railroad company, or else as a free highway under the care and control of the commissioners of the town. And when the railroad company ceases to care for and maintain it as a turnpike road, the statute imposes upon it the duty of surrendering possession of all parts of it to the control of such commissioners. If it refuses to so do, in my opinion an action lies under section 15, above cited, to compel it to do so.

The claim that, because the portions retained by defendant cannot, from the description in the complaint, be located on the ground, therefore, this demurrer should be sustained, is not a correct one. The relief sought for is, that the whole turnpike road, being three rods wide between the northerly and southerly lines, as owned and used by the original turnpike company, and as the same was taken possession of by the railroad company under the provisions of the act of 1833, be surrendered to the highway commissioners of the town. A judgment awarding relief in such, or similar terms, and sufficiently describing the whole of such road, could easily be enforced. All the material facts necessary to warrant such a judgment, and sufficiently describing the road, either by giving the center line of the same, or by other appropriate description, could be given in evidence under this complaint, and I, therefore, conclude that a cause of action is sufficiently stated therein.

Whether the original turnpike, or that taken by defendant under the act of 1833, was or was not a roadway three rods in width, is a question of fact which can be determined upon the trial; and if, as claimed by defendant's counsel, it was not, the judgment will award such relief only as the established facts warrant.

The judgment overruling the demurrer must be affirmed, with costs, and leave is given to defendant to answer within twenty days

after service upon it of a copy of such judgment of affirmance, and upon the payment of the costs of this appeal and of those awarded in the court below.

All concurred, except PUTNAM, J., not sitting.

Judgment overruling the demurrer affirmed, with costs, with leave to defendant to answer within twenty days after service upon it of a copy of this order, and upon payment of the costs of this appeal and those awarded in the court below.